IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONALD M. HUBERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09cv350-WKW |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On 16 April 2009, Plaintiff filed this complaint against the United States, a United States Ambassador, as well as a few employees of the United States Embassy in Costa Rica. (Doc. #1). Upon a review of the Complaint, the Court noticed fatal defects in Plaintiff's Complaint. Thus, the Court Ordered Plaintiff to amend his complaint to correct the defects. *See* Order of 23 April 2009 (Doc. #5). Plaintiff has failed to amend.

For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED, prior to service of process, for lack of jurisdiction.

**I.     BACKGROUND**

Taking the facts of the Complaint as true, the background of this case is as follows: Plaintiff, Donald M. Huberty (Huberty), is a resident of San Jose, Costa Rica. Huberty alleges that on 30 November 2005, he "walked to the U.S. Embassy in San Jose, Costa Rica, to consult current reference books," as was his wont. Complaint (Doc. #1 at

2). After clearing the security posts, Huberty "was invited to be seated awaiting the return of the very helpful librarian." *Id*. While waiting, Huberty made critical remarks about Embassy wastefulness to fellow visitors. *Id*. Unbeknownst to Huberty, "Embassy Public Servants had installed illegal recording devices to secretly photograph and record the actions and conversations of unsuspecting visitors." *Id*. In less than twenty minutes after Huberty had made his remarks, "Embassy Security Director Michael Wilkens led a large group of [presumably large] security guards (that had been secretly listening and observing illegally), into the very large reception room." *Id*. Wilkens himself "[was] a giant of a man. Standing about 6'8" and carrying about 300 pounds." *Id*. After questioning Huberty aboutr his purpose at the Embassy, Wilkens denied Huberty use of the reference book and ordered him to leave. *Id*. Huberty "promised to leave after briefly reading in a reference book for a few minutes." *Id*. That was the last time Huberty was allowed in the Embassy. *Id*. at 3.

**II   DISCUSSION**

As the Court informed Huberty, he has failed to establish this Court's jurisdiction to hear his claim. Huberty's statement of jurisdiction is as follows:

> Plaintiff Huberty choose [sic] Montgomery, Alabama, as the most fitting
> city for him to try to get his day in Court. These past 3 years have been a
> long, lonely effort seeking justice under the law, as did Rosa Parks *54* years
> ago.

(Doc. #1 at 3). As the Court stated in its Order of 23 April 2009, "[w]hile Mrs. Parks's important act of defiance here in Montgomery on 1 December 1955, provided a spark for

the civil rights movement, it did not provide this Court with special jurisdiction over civil rights cases."  (Doc. #5 at 1).  In fact, "[f]ederal courts are courts of limited jurisdiction." *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005) (citing *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993), *Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986), and *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  This is why Rule 8(a)(1) of the Federal Rules of Civil Procedure requires "a short and plain statement of the grounds for the court's jurisdiction."  Huberty's complaint lacks such a statement.

The Court also informed Huberty that the Complaint appeared to allege no violation of federal law or the United States Constitution, and that, therefore, the Court lacked subject matter jurisdiction.  *See Taylor*, 30 F.3d at 1367 ("Federal question jurisdiction exists when an action arises under the Constitution, laws, or treaties of the United States.").  "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and "[i]f the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction."  *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) (citations omitted).

The Court made Huberty aware of the fatal defects in his Complaint and Ordered

him to amend.[1]  *See* (Doc. #5).  Huberty has ignored this order.[2]  This Court lacks jurisdiction to hear Huberty's claims and recommends the Complaint be DISMISSED.

### III. CONCLUSION

For the reasons discussed above, it is the RECOMMENDATION of the undersigned Magistrate Judge that this case be DISMISSED prior to service of process for lack of jurisdiction.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before 24 July 2009**.[3]  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in

---

[1] There appears to be several other issues with Huberty's Complaint, including the fact that the United States would have to waive immunity to suit, *see Asociacion De Empleados Del Area Canalera (ASEDAC) v. Panama Canal Commission*, 453 F.3d 1309, 1315 (11th Cir. 2006) (explaining that the "United States' immunity from suit extends to its agencies"), or that Huberty would need to file suit under the Federal Tort Claims Act, after he had exhausted his administrative remedies.  *See Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) ("A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency.").

[2] Rather than amend his deficient Complaint, Huberty filed a Motion to set aside this Court's Order.  *See* (Doc. #7).

[3] The Court is allowing Huberty additional time to file any objections due to his residency in Costa Rica and his claims that it takes additional time to receive the mail from the Court.

the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 24th day of June, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE